KAREN LOEFFLER
United States Attorney
District of Alaska

STEVEN P. JOHNSON
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 354-1857

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> LONNIE G. VERNON; and <br> KAREN L. VERNON, <br><br> Defendants. | Case No. <br><br> **UNITED STATES' COMPLAINT TO REDUCE ASSESSMENTS TO JUDGMENT AND TO FORECLOSE FEDERAL TAX LIENS ON REAL PROPERTY** |

The United States of America ("United States"), by and through its undersigned counsel, hereby alleges as follows:

1. This is a civil action timely brought by the United States to: (A) reduce to judgment outstanding federal income tax and civil penalty assessments made against defendants Lonnie G. Vernon and Karen L. Vernon; and (B) foreclose related federal tax liens securing their tax liabilities on real property identified below.

-1-

## JURISDICTION, VENUE, & PARTIES

2. This action is commenced pursuant to Sections 7401 and 7403 of the Internal Revenue Code, Title 26, U.S.C., at the direction of the Attorney General of the United States and at the request and with the authorization of the Office of Division Counsel of the Internal Revenue Service (hereinafter "IRS"), a delegate of the Secretary of the Treasury.

3. Jurisdiction over this action is conferred on this Court pursuant to 26 U.S.C. §§ 7402 and 28 U.S.C. §§ 1331, 1340 and 1345.

4. Venue is proper in the District of Alaska in accordance with 28 U.S.C. §§ 1391 and 1396 since the federal tax liabilities of defendants Lonnie G. Vernon and Karen L. Vernon accrued within the District of Alaska. Additionally, venue is proper because defendants Lonnie G. Vernon and Karen L. Vernon reside within this judicial district, and the real property at issue in this action is located in this judicial district.

## DEFENDANTS

5. Defendant Lonnie G. Vernon is being sued in his individual capacity because he has unpaid federal tax liabilities. Additionally, defendant Lonnie G. Vernon is being made a party to this suit pursuant to the provisions of 26 U.S.C. § 7403(b) because he may claim an interest in the property on which the Government seeks to foreclose.

6. Defendant Karen L. Vernon, is being sued in her individual capacity because she has unpaid federal tax liabilities. Additionally, defendant Karen L. Vernon is being made a party to this suit pursuant to the provisions of 26 U.S.C. § 7403(b) because she may claim an interest in the property on which the Government seeks to foreclose.

## THE SUBJECT PROPERTY

7. The real property that is the subject of this foreclosure action (hereinafter "the subject property") is a single family residence physically located at 10314 Old Valdez Trail, Salcha Alaska 99714, and is legally described as follows:

> Track "F" of DOWLING ACRES SUBD., according to the plat filed March 23, 1976 as Plat Number 76-12; Records of the Fairbanks Recording District, Fourth Judicial District, State of Alaska.
>
> SUBJECT TO: 2009 Real Property Taxes, Reservations and exceptions as contained in the U.S. Patent; Notes; Easements of record; and Covenants, Conditions and Restrictions.

8. On or about March 9, 2005, defendants Lonnie G. Vernon and Karen L. Vernon acquired the subject property via Warranty Deed from John F. Roberts.

9. Upon information and belief, defendants Lonnie G. Vernon and Karen L. Vernon are the only occupants of the subject property, which they co-own as tenants by the entirety free and clear of any claims against them, except the Government's federal tax liens.

## FIRST CLAIM FOR RELIEF:
## REDUCE INCOME TAX AND CIVIL PENALTY ASSESSMENTS
## AGAINST LONNIE G. VERNON TO JUDGMENT

10. By this reference, the United States realleges and incorporates the allegations contained in Paragraph Nos. One (1) through Nine (9), inclusive, as if fully set forth herein.

11. In the amounts and for the tax periods set forth below, a duly authorized delegate of the Secretary of the Treasury made timely assessments against defendant Lonnie G. Vernon for unpaid federal income taxes, penalties, interest, and other statutory additions accruing thereto as

-3-

Case 4:09-cv-00038-LRS   Document 1   Filed 07/17/09   Page 3 of 8

follows:

| Tax Type | Tax Year | Date of Assessment | Assessed Balance as of July 31, 2009 | Accrued Balance as of July 31, 2009 | Total as of July 31, 2009 |
|---|---|---|---|---|---|
| 1040 | 1996 | August 16, 1999 | $16,313.84 | $14,473.91 | $30,787.75 |
| 1040 | 2000 | February 21, 2005 | $13,353.34 | $4,461.46 | $17,814.80 |
| CIV PEN (§6682) | 2000 | August 19, 2002 | $538.00 | $269.56 | $807.56 |
| Total Due | | | | | **$49,410.11** |

12. Despite proper notice and demand for payment of the assessments set forth in Paragraph No. Eleven (11), above, defendant Lonnie G. Vernon has neglected, failed or refused to make full payment of the assessed amounts to the United States. The assessments plus accrued statutory interest and other statutory additions from the dates of assessment, less any payments or credits, remain due and owing.

13. Since the dates of the assessment, described in Paragraph No. Eleven (11), above, interest and statutory additions have accrued and continue to accrue as provided by law and as of July 31, 2009, the outstanding balance of the assessments and the accrued interest, and applicable statutory additions, less any payments or credits, is $49,410.11.

### SECOND CLAIM FOR RELIEF: REDUCE INCOME TAX ASSESSMENTS AGAINST KAREN L. VERNON TO JUDGMENT

14. By this reference, the United States realleges and incorporates the allegations contained in Paragraph Nos. One (1) through Thirteen (13), inclusive, as if fully set forth herein.

15. In the amounts and for the tax periods set forth below, a duly authorized delegate of

the Secretary of the Treasury made timely assessments against defendant Karen L. Vernon for unpaid federal income taxes, penalties, interest, and other statutory additions accruing thereto as follows:

| Tax Type | Tax Year | Date of Assessment | Assessed Balance as of July 31, 2009 | Accrued Balance as of July 31, 2009 | Total as of July 31, 2009 |
|---|---|---|---|---|---|
| 1040 | 2001 | October 8, 2007 | $92,361.73 | $10,753.30 | $103,115.03 |
| 1040 | 2002 | August 28, 2006 | $4,445.50 | $1,097.57 | $5,543.07 |
| 1040 | 2003 | October 8, 2007 | $6,782.69 | $898.84 | $7,681.53 |
| Total Due | | | | | **$116,339.63** |

16. Despite proper notice and demand for payment of the assessments set forth in Paragraph No. Fifteen (15), above, defendant Karen L. Vernon has neglected, failed or refused to make full payment of the assessed amounts to the United States. The assessments plus accrued statutory interest and other statutory additions from the dates of assessment, less any payments or credits, remain due and owing.

17. Since the dates of the assessment, described in Paragraph No. Fifteen (15), above, interest and statutory additions have accrued and continue to accrue as provided by law and as of July 31, 2009, the outstanding balance of the assessments and the accrued interest, and applicable statutory additions, less any payments or credits, is $116,339.63.

### THIRD CLAIM FOR RELIEF: TO FORECLOSE FEDERAL TAX LIENS AGAINST THE SUBJECT PROPERTY

18. By this reference, the United States realleges and incorporates the allegations contained in Paragraph Nos. One (1) through Seventeen (17), inclusive, as if fully set forth herein.

19. Pursuant to 26 U.S.C. §§ 6321 and 6322, tax liens arose in favor of the United States on the dates of the assessments set forth in Paragraph Nos. Eleven (11) and Fifteen (15), above, and attached to all property and rights to property of defendants Karen L. Vernon and Lonnie G. Vernon, including the subject property described in Paragraph No. Seven (7), above.

20. On or about December 12, 2008, a delegate of the Secretary of the Treasury recorded with the Recording District of Fairbanks North Star in Fairbanks, Alaska, a Notice of Federal Tax Lien (Reference Number 2008-024573) against defendant Lonnie G. Vernon for federal income tax and civil penalty assessments made against him for the 1996 and 2000 tax years, as set forth in Paragraph No. Eleven (11), above.

21. On or about March 13, 2008, a delegate of the Secretary of the Treasury recorded with the Recording District of Fairbanks North Star in Fairbanks, Alaska, a Notice of Federal Tax Lien (Reference Number 2008-004507) against defendant Karen L. Vernon for federal income tax assessments made against her for the 2001, 2002 and 2003 tax years, as set forth in Paragraph No. Fifteen (15), above.

22. The tax liens arising from the assessments set forth in Paragraph Nos. Eleven (11) and Fifteen (15), above, continue to attach to the subject property at issue in this matter.

23. The tax liens arising from the assessments described in Paragraph Nos. Eleven (11) and Fifteen (15), above, have priority over all interests in the subject property at issue acquired after the attachment of the tax liens, subject to the provisions of 26 U.S.C. Section 6323(a).

24. Under 26 U.S.C. Section 7403(c), the United States is entitled to a decree of sale of the subject property at issue to enforce its tax liens.

WHEREFORE, the plaintiff United States prays as follows:

(a) That judgment be entered against defendant Lonnie G. Vernon and in favor of the United States in the amount of $49,410.11, as of July 31, 2009, plus accrued statutory interest and additions, less any payments or credits;

(b) That judgment be entered against defendant Karen L. Vernon and in favor of the United States in the amount of $116,339.63, as of July 31, 2009, plus accrued statutory interest and additions, less any payments or credits;

(c) That the Court determine and adjudge that the United States has valid liens against all property, including but not limited to defendants Lonnie G. Vernon and Karen L. Vernon's ownership interests in the real property at issue described in Paragraph No. Seven (7), above, and rights to property, both real and personal, tangible and intangible, including after-acquired property, wheresoever located or howsoever constituted, of defendants Lonnie G. Vernon and Karen L. Vernon;

(d) That the Court order foreclosure of the federal tax liens and the sale of the subject property in accordance with 26 U.S.C. § 7403(c) and 28 U.S.C. § 2001, with the sale proceeds to be applied first to the costs of such sale and the balance to be applied equally against defendants Lonnie G. Vernon and Karen L. Vernon federal tax liabilities, as set forth in Paragraph Nos. Eleven (11) and Fifteen (15), above;

(e) That to the extent proceeds from the sale of the subject property distributed to the United States fail to satisfy the tax liabilities of defendants Lonnie G. Vernon and Karen L. Vernon, a deficiency judgment in those amounts be entered against the defendants, and

(f) That the United States be granted its costs incurred in bringing this action, and for such other and further relief as the Court deems just and proper.

Dated this 17th day of July , 2009.

>Respectfully submitted,
>
>KAREN LOEFFLER
>United States Attorney
>
>/s/ Steven P. Johnson
>STEVEN P. JOHNSON
>Trial Attorney, Tax Division
>U.S. Department of Justice
>Post Office Box 683, Ben Franklin Station
>Washington, D.C.  20044
>Telephone:  (202) 353-1857
>Facsimile: (202) 307-0054

-8-